MANUFACTURERS GAS AND OIL COMPANY ET AL. *v.* THE INDIANA NATURAL GAS AND OIL COMPANY.

[No. 19,264.   Filed December 11, 1900.]

NATURAL GAS.—*Transportation.—Injunction.—Complaint.—Parties.* —A complaint to enjoin defendant from transporting natural gas through pipes at a pressure exceeding 300 pounds per square inch, in violation of the provisions of the act of 1891 (Acts 1891 p. 89), is insufficient where it is not shown that plaintiffs sustain any special injury peculiar to themselves by reason of the violation of the act, aside from, and independent of, the general injury to the public.

From the Grant Circuit Court.   *Affirmed.*

*Rollin Warner, A. W. Brady* and *W. A. Ketcham,* for appellants.

*W. O. Johnson, Foster Davis, J. C. Blacklidge, C. C. Shirley, C. Wolf* and *M. Winfield,* for appellee.

DOWLING, C. J.—The object of this suit was to enjoin the appellee from transporting natural gas through pipes at a pressure exceeding 300 pounds per square inch, in violation of the provisions of the act of March 4, 1891, (Acts 1891, p. 89), §§7507, 7508, 7509 Burns 1894. A demurrer to the complaint was sustained, and this ruling is assigned for error.

The principal averments of the complaint are that the appellees (with the exception of the Manufacturers Gas and Oil Company) are manufacturers; that they have invested large sums of money in their factories and business, which are situated in what is known as the gas belt of Indiana; that they have added largely to the taxable property, wealth, and population of the State; that in making their investments, they relied upon the continuance of the supply of the natural gas contained in the common reservoir described in the complaint. It is charged that the appellee is transporting natural gas from the gas field, through pipes, at a pressure exceeding 300 pounds to the square inch in contravention of the statute, and that such wrongful act is destructive of the common source of supply, and an illegal invasion of the rights of the appellants. The allegation as to the Manufacturers Gas and Oil Company is that it is the owner of gas wells in the field in which the appellee is engaged in piping gas, and that it is furnishing gas to certain of the other appellants. It is not averred that the property or gas wells of the appellants are near to the pipe lines of the appellee, or that the lives of the appellants, or of their servants and employes, or their property, are exposed to danger by reason of the excessive pressure of the gas in the appellee's pipe lines.

So much of the act of 1891 as relates to this controversy is in these words: "Be it enacted,   *   *   *   That any person or persons, firm, company or corporation engaged in drilling for, piping, transporting, using, or selling natural gas may transport or conduct the same through sound,

wrought or cast iron casings and pipes tested to at least 400 pounds pressure to the square inch: *Provided,* such gas shall not be transported through pipes at a pressure exceeding 300 pounds per square inch, nor otherwise than by the natural pressure of the gas flowing from the wells.

"Sec. 2. It is hereby declared to be unlawful for any person or persons, firm, company or corporation to use any device for pumping or any other artificial process or appliance for the purpose, or that shall have the effect of increasing the natural flow of natural gas from any well, or of increasing or maintaining the flow of natural gas through the pipes used for conveying and transporting the same.

"Sec. 3. Any person or persons, firm, company or corporation violating any of the provisions of this act shall be fined in any sum not less than $1,000 or more than $10,000, and may be enjoined from conveying and transporting natural gas through pipes otherwise than in this act provided."

The constitutionality of this statute was upheld by this court in *Jamieson* v. *Indiana Natural Gas and Oil Co.,* 128 Ind. 555, 12 L. R. A. 652. It was there decided that no provision of the State Constitution was violated by the act, and that it was not antagonistic to the fourteenth amendment of the federal Constitution, nor to any provision of that instrument protecting vested or contract rights.

The law was sustained upon the ground that natural gas is an inflammable, explosive, and dangerous substance, and that the enactment of the statute in question was a reasonable exercise of the police power of the State for the protection of the persons and property of its inhabitants. The injuries against which the statute attempts to provide are those resulting from the peculiar and dangerous characteristics of the gas. In the case before us, it is not alleged that any injury from this cause is threatened or apprehended. Neither is it shown that the appellants sustain, or will sus-

tain, any special injury different from that which may be inflicted upon the public generally by reason of the violation of the act of 1891, by the appellee. In other words, the complaint fails to show a special injury to the appellants, peculiar to themselves, aside from, and independent of, the general injury to the public. High on Injunctions, §522, and cases cited in note 2.

For these reasons, the complaint in this action must be held insufficient, and the court below committed no error in sustaining a demurrer thereto.

Judgment affirmed.