Manufacturers Gas, etc., Co. *v.* Indiana Nat. Gas, etc., Co.

acted on the letter, by partially answering or otherwise recognizing the same, or when with such letters goods or other articles are forwarded with bills, and received without return or protest. *Fenno* v. *Weston,* 31 Vt. 345; *Gaskill* v. *Skene,* 14 Ad. & El. (N. S.) 664, 668; *Gore* v. *Hawsey,* 3 Fost. & F. 509; *Lucy* v. *Mouflet,* 5 Hurl. & N. 229; *Roe* v. *Day,* 7 Car. & P. 705; *Hayes* v. *Kelley,* 116 Mass. 30; *Sturtevant* v. *Wallack,* 141 Mass. 119; *Wiggins* v. *Burkham,* 10 Wall. 129, 19 L. Ed. 884; 2 Wharton on Ev. (3rd ed.) §1154. The letter under consideration informed appellant of the terms and conditions upon and purpose for which the check for $500 was sent. Appellant did not return the check, or refuse to accept the same, or make any objections to or denial of the statements in said letter, but received the money on the check, thus acting upon the letter. Under such circumstances, it is clear, from the authorities last cited, that the letter and check were admissible.

What we have said disposes of the other causes assigned for a new trial and argued in appellant's brief. Judgment affirmed.

Baker, J., did not participate.

---

THE MANUFACTURERS GAS AND OIL COMPANY ET AL. *v.* THE INDIANA NATURAL GAS AND OIL COMPANY.

[No. 19,265. Filed Jan. 9, 1901. Rehearing denied June 28, 1901.]

NATURAL GAS.—*Transportation.—Injunction.—Mines and Minerals.* —In an action to enjoin the transportation of natural gas through pipes at a pressure in excess of the natural rock pressure by means other than the natural pressure of the gas flowing from the wells as prohibited by §§7507, 7508, 7509 Burns 1894, it must be shown that plaintiff sustains, or is likely to sustain, some special injury, or that he or his property is exposed to some particular damage which the statute was intended to prevent. *pp. 680, 681.*

SAME.—*Transportation.—Injunction.—Complaint.—Mines and Minerals.*—A charge in a complaint to enjoin the transportation of

natural gas that "in and by so transporting natural gas through the pipes at a pressure in excess of the natural rock pressure, and by such means and appliances other than the natural pressure of the gas flowing from the wells, the defendant has drawn, and is continuing to draw so heavily through its said wells upon said reservoir as to seriously diminish the supply and pressure of, gas therein" is not equivalent to an averment that an unnatural flow of gas from the wells was induced by means of the machinery or appliances used by defendants, or that such unnatural flow was a necessary consequence of the use of the machinery and appliances so used. *pp. 681, 682.*

From the Grant Circuit Court. *Affirmed.*

*Rollin Warner, A. W. Brady* and *W. A. Ketcham,* for appellants.

*W. O. Johnson, M. Winfield, F. Davis, J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellee.

DOWLING, C. J.—Suit by the appellants for an injunction to prevent the appellee from transporting natural gas through pipes at a pressure in excess of the natural rock pressure, and by means other than the natural pressure of the gas flowing from the wells. The ground of the action is the supposed violation of the provisions of the act of 1891 (Acts 1891, p. 89), §§7507, 7508, 7509 Burns 1894, which, in terms, prohibits the transportation of natural gas through pipes at a pressure in excess of the natural rock pressure, or by means other than the natural pressure of the gas flowing from the wells.

The enactment of this statute was an exercise of the police power of the State, and on that ground its constitutional validity was sustained in *Jamieson v. Indiana Natural Gas, etc., Co.,* 128 Ind. 555, 12 L. R. A. 652. The dangerous qualities of natural gas rendered it necessary, for the protection of the persons and property of the inhabitants of this State, that the pressure under which it was to be transported through the State, and the strength of the pipes through which it might be conveyed, should be regulated by statute. The act does not directly, nor indirectly, attempt

Manufacturers Gas, etc., Co. *v.* Indiana Nat. Gas, etc., Co.

to prevent waste of the gas, nor to prohibit any well owner from taking from his own wells any quantity of natural gas he may be able to obtain without the use of any device for pumping, or other artificial process or appliance for the purpose of increasing the natural flow of gas from any well. The provisions of the section in question in this case can be enforced at the suit of a private person only where such person can show that he sustains, or is likely to sustain, some special injury, or that he or his property is exposed to some particular damage, which this statute was intended to prevent.   The appellants present no such case.   It is not averred that their property is endangered by the alleged wrongful acts of the appellee, nor does it appear that they are likely to sustain any special injury peculiar to themselves in consequence of the violation of the act by the appellee.   The section referred to (§1) does not undertake to provide the means of prevention or redress for any class of injuries, except those resulting from the use of excessive pressure, or pressure created by artificial means.   Such injury, under the statute, must be shown to be threatened or anticipated with reference either to the persons or the property of those seeking a remedy by way of injunction. It is entirely clear that §1 furnishes no basis for relief where the injury alleged is the diminution of the supply of natural gas.   *Manufacturers Gas, etc., Co.* v. *Indiana Natural Gas, etc., Co.*, 155 Ind. 566.

The complaint failed, in the particulars mentioned, to state facts sufficient to bring the appellants within the remedial scope of the statute, and the demurrer to it was properly sustained.

Judgment affirmed.

## ON PETITION FOR REHEARING.

PER CURIAM.—The relief sought in this suit was an injunction restraining the appellees from *transporting* natural gas from their wells through pipes at a pressure ex-

ceeding· the natural rock pressure, or by other means than the natural pressure of the gas flowing from the wells. It is not charged in the complaint that an unnatural flow of gas from the wells is induced by means of the machinery or appliances used by the appellees, or that such unnatural flow is a necessary consequence of the use of the machinery and appliances so used. The charge is that "in and by *so transporting* natural gas through the pipes at a pressure in excess of the natural rock pressure, and by such means and appliances, other than the natural pressure of the gas flowing from the wells, the defendant has drawn, and is continuing to draw so heavily through its said wells upon said reservoir as to seriously diminish the supply and pressure of gas therein," etc. The flow of the gas from the appellee's wells into its pipes and reservoirs, it is to be understood, is the natural flow, unaffected by machinery or artificial appliances. If such flow should be unnaturally stimulated or increased by machinery or other means, for the purpose of transportation, or as a necessary result thereof, then, independently of the statute under consideration, the appellants would have the right, if they sustained special injury thereby, to enjoin the use of such machinery and appliances, not because the appellees were transporting natural gas under an excessive pressure, but for the reasons stated in *Manufacturers Gas, etc., Co.* v. *Indiana Gas, etc., Co.,* 155 Ind. 461.

Petition for a rehearing overruled.