## LOWE ET AL. *v.* CITY OF LAWRENCEBURG ET AL.

[No. 22,052.  Filed May 28, 1912.]

1.  MUNICIPAL CORPORATIONS.—*Streets.—Obstructions.—Right to Relief.*—An individual cannot maintain an action against another for closing or obstructing a public highway or street unless he has himself sustained some particular or peculiar injury, differing in kind, and not common to the general public.  p. 630.

2.  MUNICIPAL CORPORATIONS.—*Streets.—Obstructions.—Right to Relief.—Complaint.*—A complaint to enjoin the vacation of a street, which does not show by its allegations that the damage to plaintiff's property from such vacation is peculiar or different in kind from that which is suffered by the public in general, is insufficient on demurrer for want of facts.  p. 631.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by Roger W. Lowe and another against the City of Lawrenceburg and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Warren N. Hauck* and *Louis B. Ewbank,* for appellants. *N. S. Givan* and *T. S. Cravens,* for appellees.

MONKS, J.—In a proceeding under §8700 *et seq.* Burns 1908, Acts 1905 p. 219, before the common council of the city of Lawrenceburg, Indiana, for the vacation of that part of Ash street, between High and New streets in said city, a distance of 132 feet, said common council on May 25, 1908, passed a final resolution confirming the original resolution vacating said part of Ash street. Afterward, on September 29, 1908, appellants brought this action to enjoin the vacation of said street, and that appellees "be perpetually enjoined from excluding the plaintiffs and the public from using said part of Ash street." Appellees' demurrer for want of facts was sustained to each paragraph of the complaint, and appellants refusing to plead further, judgment was rendered against them on demurrer.

One of appellants' contentions is that "the action of the common council of said city in vacating said part of Ash street is void because §8700 Burns 1908 [Acts 1905 p. 219 §97], under which the proceeding was brought is unconstitutional and void so far as it makes the determination of the board of works final and conclusive."

It is settled in this State that an individual cannot maintain an action against another for closing or obstructing a public highway or street unless he has himself sustained some particular or peculiar injury, differing in kind, and not common to the general public. *Mc-Cowan* v. *Whitesides* (1869), 31 Ind. 235; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 41 Am. Rep. 618; *Powell* v. *Bunger* (1883), 91 Ind. 64, 68, 69, and cases cited; *Fossion* v. *Landry* (1890), 123 Ind. 136, 140, 141, 24 N. E. 96;

*Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 545-550, 11 N. E. 467, 59 Am. Rep. 225; *Dantzer* v. *Indianapolis, etc., R. Co.* (1894), 141 Ind. 604, 607-615, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. 343; *Decker* v. *Evansville, etc., R. Co.* (1893), 133 Ind. 493, 496, 33 N. E. 349; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 107-109, 47 N. E. 332; *Martin* v. *Marks* (1900), 154 Ind. 549, 555, 57 N. E. 249; *Manufacturers Gas, etc., Co.* v. *Indiana Nat. Gas., etc., Co.* (1900), 155 Ind. 566, 58 N. E. 851; *Landes* v. *Walls* (1903), 160 Ind. 216, 222, 66 N. E. 679, and cases cited.

It appears from the record that High and New streets are parallel with each other and are 132 feet apart. Appellants' real estate does not abut on Ash street, but abuts on High street on the north side thereof, and on Maple street on the west side thereof, and is 160 feet east of the place where Ash street crosses High street. Maple street is parallel with Ash street, and is the first street east thereof, and extends across High street to and across New street and on south of said New street.

While it is alleged by appellants in their complaint that "if said part of Ash street is vacated the most convenient route to reach and travel from their property to New street and the Ohio river will be cut off and destroyed to the damage of their said property as to its rental and market value," etc., it appears from the record that Ash street does not extend to the Ohio river, but that it ends at New street, and that Maple street, on which their property abuts, extends beyond New street toward the river. It is evident that the nearest route from appellants' property to New street is by way of Maple street, their property being on the corner of High and Maple streets. The allegations of appellants' complaint do not show that the obstruction of the street results in damage to their property peculiar or different in kind from that which is suffered by the public in general. As the complaint was insufficient for this reason, it is not necessary to determine as to the constitutionality of

§8700, *supra.* *Hewitt* v. *State* (1908), 171 Ind. 283, 286, 86 N. E. 63; *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, 170, 62 N. E. 11; *McIntyre* v. *State* (1908), 170 Ind. 163, 166, 83 N. E. 1005, and cases cited.

It follows that the court did not err in sustaining appellees' demurrer to each paragraph of the complaint.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 637. See, also, under (1) 28 Cyc. 901, 905; 26 L. R. A. 662; 39 L. R. A. 68; (2) 1913 Cyc. Ann. 3125; 52 Am. Rep. 574. As to the right of an abutting owner to compensation for the vacation of a highway, see 36 L. R. A. (N. S.) 1115. As to the right of a property owner whose means of access from one direction is shut off or interfered with by closing of adjoining street, or portion of street on which he is situated, see 2 L. R. A. (N. S.) 269 and 30 L. R. A. (N. S.) 637.