## GREENE, MAYOR, *v.* HOLMES.

[No. 25,448.   Filed May 4, 1929.]

*Charles R. Turner, Charles D. Kelso* and *Louis B. Ewbank,* for appellant.

*George H. Hester,* for appellee.

WILLOUGHBY, J.—The complaint in this case was filed by the appellee as plaintiff on May 21, 1927, and was afterward verified by the oath of plaintiff on June 6,

1927. It alleges, in substance, that the plaintiff is now and for 10 years last past has been a resident and duly qualified elector and voter of said city of New Albany, in Floyd County, Indiana, and is one of the petitioners for an election in said city on the question of the adoption of the city-manager plan of government, and that the plaintiff is in favor of the said city-manager plan of government and of holding said election, and will, at said election, vote in favor of it. That the said city of New Albany is now, and for more than 10 years last past has been, a duly organized city of the third class, located in Floyd County, State of Indiana, and having a common council, which is the sole legislative body thereof; that the defendant is now, and ever since the first day of January, 1926, has been, the duly elected, qualified and acting mayor of the said city of New Albany, and, as such, is now, and during all of the times mentioned herein was, the chairman, president, and presiding officer of the common council and legislative body of said city. That on the 27th day of April, 1926, there was filed with the city clerk of said city of New Albany, by 2,353 duly qualified electors, voters and residents of said city, their petition in writing, to the common council of said city, duly executed by each, requesting that the following question be submitted to the voters of said city: "Shall the city of New Albany adopt the City Manager Plan of government, as provided in the Laws of 1921, of the General Assembly of the State of Indiana, passed at the seventy-second regular session, Chap. 218, Acts 1921, pp. 594 to 623?" That on the 3rd day of May, 1926, the city clerk of said city duly certified to the common council thereof, in writing, that the number of electors who voted at the last preceding general municipal election in said city was 10,774. That said petition was filed with him, as such city clerk, on the 27th day of April, 1926. That he had examined said petition to

determine whether it was signed by a sufficient number of qualified voters of said city and found that it was signed by 2,353 electors of the said city of New Albany, Indiana, being equal in numbers to more than 20 per cent of those who voted at the last preceding general election held in said city of New Albany. That, on the 3rd day of May, 1926, said petition was duly presented and read to the common council of said city, at a regular meeting thereof, and it was thereupon, at said time, ordered by said common council, on motion duly made and voted for by a majority of the members thereof, that said petition be received and placed on file and that an election be had thereon on the first Tuesday following the first Monday in the month of June, 1927. That the defendant was the presiding officer of said common council at said meeting and at said time. That, therefore, the plaintiff and all the electors and citizens of said city acquired and had the legal right to have said election held on the 7th day of June, 1927, and to have the said question voted on at said election, and determined by the voters of said city, at said time and in said manner. That by reason of said order for said election by said common council, it became the duty of the defendant, as mayor of said city, at the time said election was so ordered, to then and there designate and appoint two resident freeholders of said city to act as members of the board of election commissioners, for said election, and to perform the duties in connection therewith, as prescribed by law to be performed by them. That since said election was so ordered, said plaintiff and others of said petitioners for said election have duly requested and demanded of said defendant that he designate and name said members of said board of election commissioners, to act as such for and at said election as required by law, but the defendant has ever failed and refused and still fails and refuses to do so, and is thereby seeking to pre-

vent said election being held. Said complaint then recites the duties required by law to be performed by said election commissioners and alleges that there were more than 10,500 voters or electors in said city, qualified to vote at said election.

It is further alleged that, by reason of the fact that said election is so required to be held on the 7th day of June, 1927, there is not time within which the relief prayed for can be obtained by said plaintiff, or by any others of said electors or petitioners, by a suit to mandate said defendant to perform his duties as mayor, or by any other suit or action, at law or in equity, except by injunction as herein prayed for, and that the legal rights and privileges of the plaintiff and all other electors and voters of said city as to said election, and under said petition, will be forever lost to them and defeated, and they will be denied their right to have such election held, unless the said election commissioners are immediately appointed by said defendant as required by law, and unless the defendant is immediately required, by an order of this court, in the nature of a mandatory injunction, and a mandatory, temporary, restraining order, to immediately appoint such election commissioners and to immediately perform his duties as mayor of said city of New Albany relating to such election as required by law; that the plaintiff has no other adequate remedy at law or in equity for the relief prayed for herein than by way of a mandatory injunction and mandatory restraining order as prayed for herein. That the plaintiff and the other voters and electors of said city and the petitioners for said election cannot be compensated in damages for the continued failure and refusal of said defendant to appoint said members of said board of election commissioners and perform his duty as aforesaid or for the failure to hold said election. Wherefore, the plaintiff prays for a temporary order of injunction enjoining and re-

straining said defendant from further refusing and failing to appoint said members of said board of election commissioners for said election to be held on the 7th day of June, 1927, and from failing and refusing to perform his duties and requiring said defendant to immediately appoint said members of said board of election commissioners and to perform his duties as to such election as required by law, and that, on the final hearing of this cause, said injunction may be made perpetual; and the plaintiff prays that a temporary mandatory restraining order be issued by the court herein, requiring said defendant to immediately appoint said members of said board of election commissioners and to perform his said duties.

On the filing of this complaint, an order was entered ordering service of notice requiring the defendant to appear on the 1st day of June, and notifying the defendant that an application for a temporary injunction would be heard before the Floyd Circuit Court of Floyd County, Indiana, on the 24th day of May, 1927. This order was dated May 21, 1927.

Further facts appearing in the record are that on June 2, 1927, Honorable George Kopp was appointed special judge, and on June 6, 1927, he accepted the appointment and assumed jurisdiction. The plaintiff, appellee in this case, filed his motion for a temporary injunction on June 6, 1927.

No issues were joined in the main action, nor was there even a rule against defendant to answer the complaint. The sole issue decided was whether or not the plaintiff was entitled to have an interlocutory mandatory temporary injunction issued commanding the defendant immediately and forthwith to designate and appoint two resident freeholders of the city of New Albany to act as members of the board of election commissioners, for an election that was to be held the next day, June 7, 1927,

to decide whether or not the city-manager plan of government should be adopted.

The circuit court overruled all of defendant's objections and exceptions and denied his request for a trial by jury, heard evidence, and on said June 6, 1927, found that plaintiff was entitled to the relief asked, and it thereupon granted, entered and issued a temporary injunction until the final hearing of this cause or further order of the court, by which it ordered that said defendant, Newton A. Greene, mayor of the city of New Albany, "be and he is hereby restrained from failing and refusing to designate and appoint, and is hereby ordered and required immediately to designate and appoint, two resident freeholders of the city of New Albany to act as members of the board of election commissioners for the election on June 7, 1927."

The defendant objected to the issuing of the injunction, alleging that plaintiff did not show that he had any interest in the subject-matter or result of the action except what arose from the fact that he was one of 2,353 voters in the city of New Albany who had joined in petitioning for the city-manager election out of a total of 10,774 voters; and, for the further reason that no reason was shown why the aid of the courts had not been earlier invoked following the refusal of the mayor to appoint election commissioners. That an individual had no right to injunction enforcing a duty owed to the public only; that no fraud or concealment of purpose or emergency was shown; that no injunction can be issued to control political matters, and that an individual cannot enjoin violation of duty to the public.

The defendant prayed an appeal to the Supreme Court of Indiana from said order and judgment granting the plaintiff a temporary mandatory injunction therein, which appeal was granted upon the filing, within 10 days from the date thereof, by the defendant, of an ap-

peal bond in the sum of $1,000, conditioned according to law, with Benjamin Jackson and Charles D. Kelso as sureties thereon, which sureties were then approved by the court and the defendant was granted 60 days in which to file his general bill of exceptions. And on June 6, 1927, the defendant filed in open court his appeal bond with Benjamin Jackson and Charles D. Kelso as sureties thereon, as authorized by the court. The appeal was then perfected and the transcript and assignment of errors were filed in this court on June 13, 1927.

It was error for the trial court to grant this injunction because it does not appear that the plaintiff had any personal interest in the litigation, but only the interest common to all the public, and from the nonperformance of which plaintiff will not suffer any special injury different from that suffered by the public at large, for which refusal, if not rightful, the statute, §1245 Burns 1926, expressly provides the legal remedy of mandamus.

Plaintiff, suing to compel the appointment of election commissioners in which he had only the same right as the general public, and for lack of which he would sustain only such injury as was common to all of the public, was not entitled to injunctive relief.

A private person cannot maintain an injunction for the invasion of a public right, where the complaint fails to show a special injury to the complainant. *Landes* v. *Walls* (1903), 160 Ind. 216, 66 N. E. 679; *Lowe* v. *City of Lawrenceburg* (1912), 177 Ind. 629, 98 N. E. 637; 4 Blackstone, Comm. 167; *McCowan* v. *Whitesides* (1869), 31 Ind. 235; *Cummins* v. *City of Seymour* (1882), 79 Ind. 491; *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 11 N. E. 467; *Doolittle* v. *Supervisors of Broome County* (1858), 18 N. Y. 155; *State, ex rel.,* v. *Lord* (1896), 28 Ore. 498, 43 Pac. 471;

*State, ex rel.,* v. *Cunningham* (1892), 83 Wis. 90, 53 N. W. 35; *Landes* v. *Walls, supra; Manufacturers Gas, etc., Co.* v. *Indiana Natural Gas, etc., Co.* (1900), 155 Ind. 566, 58 N. E. 851.

It is a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law, that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. *San Antonio* v. *Strumberg* (1888), 70 Texas 366, 7 S. W. 754.

Except as specially authorized by statute, an action can be maintained only by the real party in interest. §258 Burns 1926. And in the matter of compelling a public officer to perform an alleged public duty for the benefit of the public at large, it must be in the name of the state, by way of mandamus. §§1245, 1246 Burns 1926; *Cox* v. *Malden, etc., Light Co.* (1908), 199 Mass. 324, 85 N. E. 180, 17 L. R. A. (N. S.) 1235, 127 Am. St. 503. And it appears from the facts that the plaintiff did not have any interest in the subject-matter or result of this action except such as arose from the fact that he was one of 2,353 voters of the city of New Albany who had joined in petitioning, out of a total of 10,774 voters, following a refusal of the mayor to appoint election commissioners.

Plaintiff's sole and only interest in the matter was a public interest common to every voter in the city. None of his property rights was affected or threatened, and none of his personal rights except those of a political nature which he had in common with all other citizens, or at least with all other voters of the city. No emergency is shown for the injunctive relief.

Equity has no writs that may be said to found jurisdiction. Its processes are remedial, and the bill or com-

plaint must, on its face, disclose a case for equi-
table intervention. Story, Eq. Pl. (10th ed.)
§10; High, Injunctions (3d ed.) §7.

Both parties have filed briefs discussing the con-
stitutionality of ch. 218 of the acts of 1921, but the sole
question at issue in this appeal is whether or not the
appellee was entitled to have the interlocutory man-
datory injunction issued as shown by the record in this
case. It is not necessary in the determination of this
appeal to consider the constitutional questions sug-
gested.

The Supreme Court will not consider constitutional
questions when the determination thereof is not nec-
essary to dispose of the appeal. *Meno* v. *State*
(1925), 197 Ind. 16, 148 N. E. 420, 164 N. E. 93;
*Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55,
121 N. E. 83; *Cleveland, etc., R. Co.* v. *Hollowell* (1909),
172 Ind. 466, 88 N. E. 680; *Hewitt* v. *State* (1908), 171
Ind. 283, 86 N. E. 63.

Judgment reversed, with instructions to the court be-
low to dissolve the injunction against appellant.

Martin, C. J., and Gemmill, J., dissent, with opinion.

### DISSENTING OPINION.

MARTIN, C. J., and GEMMILL, J.—The appellant,
mayor of the city of New Albany, and president of its
common council, refused to appoint a board of election
commissioners as required by Acts 1921, ch. 218, §4,
§10191 Burns 1926, to hold an election on the question
of whether the city of New Albany should adopt a city-
manager form of government, for the reason that he
believed Acts 1921, ch. 218, which provides for the city-
manager and commission forms of government, to be
unconstitutional and void. This was after a petition
requesting the election signed by 2,353 voters of the

city, constituting a number greater than 20 per cent of the 10,774 voters at the last municipal election, had been presented to the common council and an election had been ordered by the council.

The prevailing opinion holds that appellee, who is a resident, elector and voter in the city of New Albany and was a petitioner for the election, cannot by a mandatory injunction compel the mayor to appoint election commissioners to hold such election because he has no personal interest in the litigation different from that of the general public and will not suffer any special or private injury to his property rights, and has the legal remedy of mandamus if appellant's refusal to act is wrongful, and because no bond was filed to secure appellant against damages and costs.

We cannot agree with this decision for the following reasons: (1) The complaint alleges and the record shows that the legal remedy of mandamus is not adequate. (A suit in mandamus was brought and was pending at the time this action was filed, and appellant unsuccessfully attempted to file a plea in abatement based on such fact.) Although a party may have a legal remedy, injunctive relief may be granted, if such legal remedy is not as practicable, efficient and adequate as that afforded by equity, *Fisher* v. *Carey* (1918), 67 Ind. App. 438, 119 N. E. 376, and cases cited, and while mandamus is the usual remedy to compel officers, charged with the conduct of elections, to perform specific ministerial duties imposed upon them by law, it is not the exclusive remedy, and an injunction will lie to compel performance where mandamus would be too slow or otherwise insufficient or ineffective to afford adequate relief. 32 C. J. 257; *Potter* v. *Campbell* (1913), 155 Ky. 784, 160 S. W. 763; *Mason* v. *Byrley* (1904), 26 Ky. Law Rep. 487, 84 S. W. 767. See, also, *Bourke* v. *Olcott Water Co.* (1911), 84 Vt. 121, 78 Atl. 715, 33 L. R. A.

(N. S.) 1015, Ann. Cas. 1912D 108; *Boyce* v. *Grundy* (1830), 3 Pet. (U. S.) 210, 7 L. Ed. 655. If the slow processes of an action at law (mandate) are not adequate and effective to compel a ministerial officer to perform the duties essential to an election imposed by law upon him and which he refuses to perform immediately prior to the time of the election, the rights of the electorate should not, by reason of that fact, be completely defeated and the election made impossible.

(2) Citizens and voters are, or should be, vitally interested in their government, and they have a right to have an election that has been provided for by law (if that law is valid) to determine the form of their local city government. This right is more of a personal right than a property right, although the form of local government may materially affect the voters' property rights. In recent years, personal rights have assumed a more important and recognized place in the field of law, and while the courts have usually discovered at least a nominal property right on which to base the granting of equitable relief (as in *Ellingham* v. *Dye* [1912], 178 Ind. 336, 99 N. E. 1, Ann. Cas. 1915C 200), the doctrine is now recognized that personal rights as well as property rights deserve adequate protection in equity. See note in 14 A. L. R. 295.

(3) Appellant's reason for not appointing commissioners and holding the election, viz., that Acts 1921, ch. 48, is unconstitutional, was not a valid and sufficient reason. All his contentions to support his claim that this act is unconstitutional were considered at length and adversely to his contentions in *Sarlls, City Clerk,* v. *State, ex rel.* (1929), *ante* 88, 166 N. E. 270.

The judgment should be affirmed.