Filed Oct. 16, 1885.

---

No. 12,149.

## WELCH ET AL. *v.* BOWEN.

COUNTY COMMISSIONERS.—*Animals Running at Large.—Police Regulation.— Constitutional Law.*—The act of May 31st, 1852, authorizing county boards to determine what animals shall be allowed to run at large and pasture on the public commons and uninclosed lands, is not an infringement of section 21, art. 1, of the Constitution, in regard to the taking of the property of others without just compensation first paid or tendered, but confers a power in the nature of a police regulation.

SAME.—*Power to Change or Repeal Order Continuing.*—The power to pass orders or regulations in respect to the running at large of animals, conferred on county boards by the act of 1852, is administrative in character, is continuing, and is not exhausted by being exercised once, and such boards may change, modify or repeal an order when once made, as often as the public interest may demand.

SAME.—*Municipal Corporation.—Power to Change or Repeal By-Laws.— Vested Right.*—The power to pass by-laws, ordinances, or regulations affecting the government of a municipal corporation carries with it by implication the power to modify or repeal such by-laws, ordinances and regulations, unless the power is restricted in the law conferring the right, or unless such change or repeal would affect a vested right under an order or regulation lawfully adopted.

From the Switzerland Circuit Court.

*J. B. McCrellis* and *G. S. Pleasants*, for appellants.
*J. D. Works* and *L. O. Schroeder*, for appellee.

MITCHELL, C. J.—The record in this case discloses that

Bowen brought an action before a justice of the peace to recover the possession of two cows and one calf, of which it was alleged he was the owner. After a trial before the justice, the case was taken by appeal to the Switzerland Circuit Court, where, upon an agreed statement of facts, the plaintiff below had judgment for the recovery of the property in controversy.

The facts as agreed upon show that, on the 21st day of April, 1884, Bowen, being the owner of the animals described, turned them out to graze and permitted them to run at large. The animals strayed upon lands owned by Welch, which were not inclosed by a fence sufficient to prevent the ingress of cattle. Welch and Grenat, citizens of the township, took them up, and the owner being unknown, they posted notices according to law at three of the most public places in the township. Subsequently, upon discovering that the cattle belonged to Bowen, they gave written notice to him, and demanded that he pay them $1.50 for each animal impounded. It is agreed that, before bringing the suit, Bowen neither paid nor tendered the damages or cost of taking up the cattle. It was further agreed that, on June 14th, 1853, the board of commissioners of Switzerland county made and entered of record an order permitting all cattle, except bulls over two years old, to run at large on the public commons in all of the townships of Switzerland county. On March 8th, 1883, upon the petition of numerous citizens of the county, and upon the representation that the Legislature had recently before that repealed the law under which county commissioners were authorized to pass orders allowing animals to run at large, the board, after reciting the passage of the previous order, entered of record the following:. "And it is now ordered by this board, that the aforesaid order of June 14th, 1853, as recorded in book 'B,' page 484, of the commissioners' record, be and the same is hereby repealed, from and after this day."

It was claimed that the defendants were entitled to hold possession of the cattle until their costs and charges were

paid, and it was agreed that the question to be presented to the court for decision was the legality of the order of the board of commissioners repealing the order of June 14th, 1853. After the finding in favor of the plaintiff below, the defendants moved for a new trial, for causes assigned. This was overruled and excepted to, and upon appeal this ruling is assigned for error.

The case is elaborately argued on behalf of the appellant, but we are without the aid of a brief or other argument for the appellee.

It is contended that the act of the Legislature, approved May 31st, 1852, under the supposed authority of which the county board passed the original order, was void, as being an infringement of section 21, article 1, of the Constitution of the State. The argument is, because boards of commissioners are authorized to direct by an order that animals may run at large in the several townships, and pasture on the public commons and uninclosed lands of others, that thereby the taking of property of others is authorized without just compensation being first paid or tendered.

It is not readily apparent that the enactment in question is subject to the objection urged. Without the regulation for which the statute provides, the common law rule obtains, which requires the owner of animals either to confine them upon his own premises or answer in damages for any trespass they may commit upon the lands of others. The force of the regulation seems to be, not to confer a right in or upon the lands of one person to another, but to prescribe what kind of animals may be permitted to pasture on the public commons and uninclosed lands, without subjecting their owner to liability for trespass. In *Myers* v. *Dodd,* 9 Ind. 290, it was held to be within the province of the Legislature to withhold a remedy for injury done by cattle entering upon lands of another, where such lands were not lawfully fenced. *Clark* v. *Stipp,* 75 Ind. 114.

As a police regulation, we think it competent under the

law in question, for the commissioners to prescribe what kind of animals may run at large.    The effect of the regulation is neither to take nor authorize the taking of the property of another.    The most that it does is to deprive the owner of the land of the right to prosecute for a trespass so long as he sees fit to leave his lands uninclosed or fails otherwise to protect it from the incursions of animals having the right to run at large.    Notwithstanding the order of the county board, the owner of the land would have complete dominion over his property, and might make any use of it he chose.    He might inclose it, or in any lawful manner keep his animals on and all others off.    The inconvenience which he may suffer is, not that others acquire any right to his property, but that they are not compelled to confine their animals upon their own, and that he is deprived of the right to sue for damages for trespass upon his uninclosed lands.    *Griffin* v. *Martin,* 7 Barb. 297 ; *Hardenburgh* v. *Lockwood,* 25 Barb. 9.    Laws of similar import have existed in this State for more than half a century, and although the reasons for their continuance may have measurably ceased, the policy of continuing the law is for the Legislature and not the courts.

The remaining question is, was it competent for the board of commissioners in 1883, to repeal the order adopted by their predecessors in 1853?    That it was, we think there can be no doubt.    Regulations which may have been suited to the condition of society in 1853 may, in the progress of thirty years, have become entirely unsuited to the state of things then existing.    It would hardly do to suppose that the Legislature did not anticipate the progress of events.

Under section 10 of article 6 of the Constitution, it was competent for the General Assembly to confer upon the boards doing county business powers of a local administrative character.    Pursuant to this provision, the Legislature, by the act approved May 31st, 1852, conferred upon the boards of commissioners the power, and made it their duty, by order or ordinance, to direct what kind of animals might be allowed

to run at large within the bounds of the respective townships. This power was administrative in its character, and was subject to be exercised, according to the discretion of the board, of its own motion. The time and manner of its exercise were left to their own judgment, and there is in the act itself no restriction or limitation upon their power to change, modify or repeal an order when once made. If any restriction upon their power in that regard exists, it must be found in the general rules of law which regulate the power of similar bodies, when exercising analogous duties.

The general rule is that the power to pass by-laws, ordinances, or regulations affecting the government of a municipal corporation carries with it by implication the power to modify or repeal such by-laws, ordinances and regulations unless the power is restricted in the law conferring the right.

The limitation to which this power is subject is that the repeal or change can not be made so as to affect any vested right lawfully acquired under an ordinance or regulation lawfully adopted. 1 Dillon Mun. Corp., section 314; *City of Kansas* v. *White,* 69 Mo. 26.

In *Rex* v. *Ashwell,* 12 East, 22, it was said by BAYLEY, J.: "And this by-law only operates upon the body at large so long as they" (the aldermen) "think fit to continue it: it is liable to be reconsidered by them at all times : it only binds their successors so long as their successors choose to be bound by it: for the same body that made the by-law may repeal it."

It can not be necessary to elaborate or fortify this proposition further ; that this is the general rule can not be doubted. Is it applicable to orders or regulations adopted by county commissioners when acting in an administrative or *quasi* legislative capacity?

The authorities relied on as denying this power are cases in which the action of the board was either judicial in its nature, or where some special statutory power was exerted, the time and mode of its execution being prescribed by stat-

ute. Where the board exercises a power judicial in its character, and individual rights become vested or affected as a result of its action, or where an appeal is allowed, it can not set aside or annul its action unless authorized to do so by express statute. Where, however, it exercises functions which are administrative or ministerial in their nature, and which pertain to the ordinary county business, and the exercise of such functions is not restricted as to time or manner, it is by implication invested with the ordinary attributes of other similar bodies, and may in like cases modify or repeal its action. Having been invested with the power to pass orders or regulations in respect of the running at large of animals, such power is continuing, and is not exhausted by being exercised once. *Goszler* v. *Corporation of Georgetown*, 6 Wheat. 591.

One board of commissioners by the exercise of this function could not deprive its successors from exercising it again and again, as often as the public interest might demand. *East Hartford* v. *Hartford Bridge Co.*, 6 How. 511, 534.

The judgment of the circuit court is reversed, with costs, with directions to the court below to enter judgment on the agreed statement of facts in accordance with this opinion.

