TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY
*v.* CITY OF SOUTH BEND.

[No. 17,364.   Filed November 24, 1896.]

CITY ORDINANCES.—*Repeal of Ordinance by Implication.—Lights at Street and Railroad Crossings.*—A municipal ordinance requiring railroad companies to maintain an electric light of a certain specified power at each point where the road crosses a public street, and imposing a fine of $50.00 for each violation thereof is impliedly repealed by a subsequent ordinance requiring all railroad companies to provide for the safety of citizens and others by maintaining electric lights at such points as are therein specified, and imposing a penalty of not less than $25.00, nor more than $100.00 for every train run over such crossing where a light is not kept and maintained.

SAME.—*Repeal of During Progress of Prosecution.*—Where, during the progress of a prosecution for the violation of a city ordinance such ordinance is repealed by implication, without reservation as to pending actions thereunder, the prosecution must fail.

From the St. Joseph Circuit Court. *Reversed.*

*Miller, Winter & Elam,* and *S. D. Miller,* for appellant.

*Wilbert Ward,* for appellee.

JORDAN, C. J.—The appellant was convicted for failing to obey the provisions of a penal ordinance adopted by appellee's common council, requiring the former to place, keep and maintain an electric light at a point where its railroad crosses a certain street in said city.

The errors assigned are:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d.   That the court erred in overruling the motion for a new trial.

It is charged in the complaint that: "The defendant, on the 13th day of February, 1894, at the city and county aforesaid, violated section 1 of ordinance No.

936, passed by the common council, on the 28th day of November, 1893, by then and there failing to place, keep and maintain, at the point where the track of said railroad company crossed Sample street, an electric light of two thousand nominal candle power."

The ordinance alleged to have been violated by the appellant, is based upon an act of the legislature, approved March 4, 1893 (Acts 1893, p. 302), being an act authorizing common councils of cities to require railroad companies to keep and maintain lights where streets and railroads cross.

The appellant challenges the validity of the ordinance upon several grounds, but its principal insistence is that the ordinance had been repealed, prior to the trial and conviction of appellant thereunder. The trial in the circuit court on appeal from a judgment rendered in the mayor's court, occurred on June 8, 1894, and a fine of $20.00 was assessed against the appellant for the alleged offense.

The record discloses the following facts: The ordinance, No. 936, under which appellant was tried and convicted, was passed by the common council of appellee's city, on November 28, 1893. On April 23, 1894, ordinance No. 943, relating to the same subject-matter was adopted by the common council, and was in force at and prior to the date of the appellant's conviction in the lower court. Section 1 of ordinance 936, provides that: "All railroad companies whose tracks cross or intersect any public street of the city shall place, keep, and maintain at all points where such railroad crosses any public street, an electric light of 2,000 nominal candle power, which shall be kept burning every night from twilight until dawn." Section 2 fixes the penalty for a failure to comply with the ordinance at a fine not exceeding $50.00. The ordinance last adopted contains seven sections. The first sec-

tion declares: "That it shall be the duty of all railroad companies running and operating a railroad through the city of South Bend, to provide for the security and safety of the citizens and other persons, from the running of trains through the city, by keeping and maintaining electric lights at such points and for such times as are hereinafter specified." By subsequent sections the railway companies and the points at which the same are to maintain lights, and the time of night during which they are to be kept lighted, are specially mentioned. It was therein provided that appellant was to keep an electric light all night at the crossing of Tutt and Sample streets, and a midnight light at the crossing of Grant and State streets. A penalty of not less than $25.00, nor over $100.00, was fixed to be assessed upon conviction against any company for every train run by it over any crossing where such light was not kept and maintained. There was no saving clause expressed in this ordinance, applying to prosecutions under the former ordinance. Both ordinances, upon the trial, were introduced in evidence, but the court finally, over the objections and exceptions of appellant, struck out and refused to consider the one passed April 23, 1894. This ruling of the court was assigned by appellant as one of its reasons for a new trial. Counsel contend that this ordinance was material and legitimate evidence, for the reason, insisted by them, that it covers the entire subject-matter of the ordinance under which appellant was convicted, and operated as a repeal of it by implication. It is claimed, therefore, that had ordinance 943 been in evidence it would have established that 936 had been repealed, without any reservation, consequently this prosecution could not have been main-

VOL. 146—16

tained, and therefore the trial court erred in excluding the ordinance.

Upon an examination of these respective ordinances, it is evident, we think, that the last adopted covers the whole subject-matter of the one for the violation of which the appellant was convicted. The first ordinance, as it appears, required an "electric light of 2,000 nominal candle power," while the second did not provide for a light of any specified power. The penalty fixed by the first for a violation of its provisions might be in any sum not exceeding $50.00, by the second, it could not be less than $25.00 nor over $100.00. The last is more specific and certain in its provisions, and it prescribes a higher or different penalty for the offense. These two ordinances seem to be so materially inconsistent with each other that they cannot stand together, and we are of the opinion that the council clearly intended, in adopting the new ordinance, that it should supersede and take the place of the older, which embraced the same subject-matter, consequently, this would result in a repeal by implication.

The general rule applicable to statutes is that, where a new statute covers the whole subject-matter of an older one, adds new provisions, prescribes different penalties, and is evidently intended to supersede and take the place of the prior act, the latter is repealed by implication. *Wagoner* v. *State*, 90 Ind. 504, and cases there cited; *Thomas* v. *Town of Butler*, 139 Ind. 245, and cases cited.

The rules which control the repeal of statutes by implication are equally applicable to questions arising relative to municipal ordinances. Horr and Bemis, Munic. Ordinances, section 63.

In section 197, same authority, it is said: "If, during the progress of a prosecution, the ordinance on which

it is based is repealed, the prosecution must fail, unless the repealing ordinance contains some express provisions whereby all pending prosecutions are saved from its operation."

We think that if the ordinance had remained in evidence and been considered by the court, it would have established that the one upon which the prosecution of appellant was founded had been repealed, during the progress of the prosecution, without any reservation as to pending actions thereunder, and this would have resulted in a failure of the action.

It follows that the court erred in striking out the ordinance in question, for which error the judgment is reversed and the cause remanded, with instructions to the lower court to grant appellant a new trial.

HOWARD, J., was absent.