## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* CITY OF ANDERSON.

[No. 21,911.   Filed June 6, 1911.]

1. MUNICIPAL CORPORATIONS.—*Disannexing.—Legislative Question.* —The power of annexing or disannexing territory by a city is legislative; and it may be exercised without the consent of the persons interested.  p. 17.

2. MUNICIPAL CORPORATIONS.— *Powers.— Doubts.—* Municipal corporations have only such powers as are expressly granted, or fairly implied from the powers expressly granted; and doubts of power are resolved against such corporations.  p. 18.

3. MUNICIPAL CORPORATIONS. — *Boundaries. — Change.* — Municipal corporations can alter their boundaries only in the manner authorized by statute.  p. 18.

4. MUNICIPAL CORPORATIONS. — *Disannexation.— Validity. — Taxation.—Recovery of Taxes.—Complaint.—*A complaint to recover taxes alleged to have been illegally collected by a city, averring that the plaintiff's land had been disannexed, to be sufficient must further show that the plaintiff filed a petition for disannexation, or was a party to the proceedings, the statute (§4230 Burns 1901, §3248 R. S. 1881) providing that "the common council of any city * * * is hereby authorized * * * on the application of any owner of any * * * tract of land not laid out in lots * * * so to modify the boundaries of such city * * * as to exclude therefrom such * * * tracts of land." p. 18.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against the City of Anderson. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.   *Affirmed.*

*Walker & Foster,* for appellant.
*Henry C. Ryan,* for appellee.

MONKS, J.—This action was brought by appellant to recover money paid to appellee as taxes on appellant's right of way owned by it in fee simple, across certain territory alleged to have been "disannexed at the time said taxes were levied and collected."

Appellee's demurrer to the complaint for want of facts was sustained, and upon appellant's failing and refusing to plead further, judgment was rendered against it.

The only error assigned calls in question the action of the court in sustaining said demurrer.

The question to be determined is whether that part of appellant's right of way upon which said taxes were assessed was legally disannexed from the city of Anderson. If it was, the court erred in sustaining said demurrer, and the judgment must be reversed; if not, the judgment must be affirmed.

It is claimed by appellant that said territory was disannexed in 1896 by the common council of said city, under the provisions of §4230 Burns 1901, §3248 R. S. 1881, which reads as follows: "The common council of any city or the board of trustees of any incorporated town of this State is hereby authorized and empowered, at any regular meeting of the same, on the application of any owner of any suburban lot or tract of land not laid out in lots, by a two-thirds vote of such common council or board of trustees, so to modify the boundaries of such city or incorporated town, as to exclude therefrom such lots or tracts of land, upon such terms as such common council or board of trustees may impose."

It is settled that enlarging or contracting the boundaries of a municipal corporation is a legislative function that may be exercised by the General Assembly, without the consent and against the remonstrance of those interested. *Woolverton* v. *Town of Albany* (1899), 152 Ind. 77-79, and cases cited.

In this State, municipal corporations possess and can exercise only such powers as are granted by the legislature in express words, and such powers as are fairly implied

2. or incident to the powers expressly granted, and those essential to the declared objects and purposes of such corporations. Doubtful claims to power as well as any doubt or ambiguity in the terms used by the legislature, are resolved against the corporation. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 422, 35 L. R. A. 684, and authorities cited.

The municipal authorities can in no case alter the boundaries unless the power so to do is conferred upon them by the legislature, and such power, when conferred, must

3. be exercised under tho circumstances and in the manner prescribed. 20 Am. and Eng. Ency. Law (2d ed.) 1151; 28 Cyc. 194-200.

Section 4230, *supra,* under which appellant claims said right of way was disannexed, requires the owner of

4. the real estate to be disannexed to make application to the common council for such disannexation.

The complaint shows that appellant did not make any such application, was not a party to any proceeding under said section, and had no notice or knowledge thereof. It is evident, therefore, under the authorities cited, that the common council of said city had no authority or power to disannex appellant's said right of way, and that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.