## BULLOCK *v.* JAMESON ET AL.

[No. 22,302. Filed March 24, 1915.]

1. APPEAL.—*Moot Question.*—*Dismissal.*—An appeal from a judgment for defendants in an action commenced in 1909 to enjoin the performance of certain acts under the Park Board Law of 1909 (Acts 1909 p. 210), and which was pending in the trial court at the time such law was repealed (Acts 1911 p. 566, §8748 Burns 1914), presents only a moot question and must be dismissed. p. 81.

2. STATUTES.—*Repealing Clause.*—*Pending Litigation.*—The repealing clause of the act of 1911 concerning the "department of public parks" (Acts 1911 p. 566, §8748 Burns 1914), though providing that it should not affect pending litigation, does not operate to save a suit instituted solely for the purpose of enjoining the performance of duties prescribed in the law which was repealed. p. 82.

From Marion Circuit Court (18,065); *Charles Remster,* Judge.

Action by Henry W. Bullock against Henry Jameson and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*Henry W. Bullock,* for appellant.

*J. B. Kealing, Merle N. A. Walker* and *Elmer W. Stout,* for appellees.

SPENCER, J.—Appellant's amended complaint, filed in the Marion Circuit Court on July 3, 1911, and superseding an original complaint filed on July 2, 1909, challenges the constitutionality of the act of March 5, 1909 (Acts 1909 p. 210), commonly known as the Park Board Law, on the ground that such law was special legislation and infringed on the right of the city of Indianapolis to local self-government. Demurrers of the several defendants were sustained on November 21, 1911, and this appeal followed.

On March 6, 1911, the legislature passed a further act

concerning the "department of public parks" in cities of the first and second classes and repealed all laws and parts of laws in conflict therewith. This act of 1911 (Acts 1911 p. 566, §8748 Burns 1914), superseded the act of 1909 in its entirety and this appeal, therefore, presents only a moot question as to the constitutionality of a statute which is no longer operative. It is true that the act of 1911 specifically provided that the repealing clause therein should not affect pending litigation but as the only purpose of this action was to enjoin the defendants from performing duties required of them by a law which no longer exists, the saving clause will not operate here and this appeal must be dismissed for the reason that it presents only a moot question. Appeal dismissed.

NOTE.—Reported in 108 N. E. 231. See, also, under (1) 2 Cyc. 533; (2) 36 Cyc. 1228.