LOWE ET AL. *v.* MCKNIGHT ET AL.

[No. 25,878.   Filed January 20, 1931.   Rehearing denied July 20, 1931.]

566

*E. Ralph Himelick, G. Andrew Golden* and *Wiles, Springer & Roots,* for appellants.

*Alonzo R. Feemster, Allison M. Feemster* and *Adolph Zwerner,* for appellees.

MARTIN, J.—The common council of the city of Connersville, on May 7, 1923, passed ordinances numbered 845 and 846 abolishing respectively the board of public works and the board of public safety of that city and providing that a special committee (of three members) of the common council, to be appointed by the mayor, should exercise the powers and perform the duties of those boards. On December 2, 1929, the common council passed ordinances numbered 970 and 971, which repealed ordinances numbered 845 and 846, and, on the same day, passed ordinances numbered 972 and 973, which provided that the board of public works and the board of public safety be abolished and that the power and duties of such boards be devolved upon and performed by the common council as a whole.

Section 10264 Burns 1926 (being §1, ch. 56, Acts 1923, which became effective April 30, 1923, seven days be-

fore the enactment of ordinances 845 and 846 of the city of Connersville, and which was applicable thereto) contains a proviso that:

"the common council of any city of the fourth class may, by ordinance duly passed, abolish the board of public works and provide that the common council of such city shall perform the duties of the board of public works, . . .

"Provided further, that if the common council of any city of the fourth class shall not abolish the board of public works thereof in the manner herein provided, such board shall be abolished whenever a majority of the electors of such city, voting on the question at any general city election, shall vote in favor of abolishing the same. . . .

"In all cases where the board of public works is abolished, as herein provided, the common council of such city shall perform the duties of the board of public works; or the common council of such city, may, by ordinance duly enacted provide that a special committee of three (3) members of such common council may act in the place of and perform the duties of the board of public works. . . .

"Provided further, that the common council of any city of the fourth class may, by ordinance duly passed abolish the board of public safety and provide that the duties prescribed by law to be performed by a board of public safety shall be performed by the common council, and in case a special committee of the council is appointed to perform the duties of a board of works, as hereinbefore provided, such special committee shall perform the duties, prescribed by law, to be performed by a board of public safety," etc.

The appellees, as taxpayers, instituted this action against the city of Connersville, its mayor, its common council and the members thereof, alleging the facts set out above and that ordinances 970, 971, 972 and 973 are null and void for the alleged reason that the power to enact them is not expressly granted by §10264 Burns

1926 and that, therefore, the city council had no power to enact them. The prayer was for an injunction to prevent the common council as a whole from acting as a board of public works and as a board of public safety. Two members of the council (who were members of the committee of three which had been performing the duties of the boards of public works and safety) and the mayor defaulted. A demurrer was filed by the remaining five members of the council (appellants herein), which was overruled. Answers in general denial were filed by all defendants (except those defaulted). A stipulation by the parties was agreed to as constituting all the evidence, and the court rendered judgment in favor of appellees declaring ordinances 970, 971, 972 and 973 to be void, and permanently enjoining the members of the common council of the city of Connersville from exercising or performing any of the powers, duties or functions of a board of public works or a board of public safety in that city.[1]

One of the errors relied upon for reversal is the overruling of appellant's demurrer to appellee's complaint, and, in the view we have taken of the case, this is the only error which will require consideration.

The proviso of the statute above set out, which vests in the common council (or a majority of the electors) the right to abolish the boards of public works and safety, imposes upon the common council responsibility for the performance of the duties of the boards which are thus abolished. The statute gives the council the right, in its discretion, to perform

---

[1] Ordinarily, the Supreme Court has jurisdiction of appeals from "interlocutory orders . . . granting or refusing to grant, or dissolving or overruling motions to dissolve temporary injunctions," while the Appellate Court has jurisdiction of appeals from permanent injunctions, §1356 (subd. 13) Burns 1926, *Swaim* v. *City of Indianapolis*, (1930), *ante* 233, 171 N. E. 871, but the Supreme Court has jurisdiction of this appeal since it is one "in which there is in question, and such question is duly presented . . . the validity of an ordinance of a municipal corporation." §1356 (subd. 1) Burns 1926.

these duties, either by acting as a whole or by acting through a committee of three of its members. We can see no reason in the argument that the council having once by ordinance placed such duties in the hands of a committee, must forever leave them there and can never thereafter provide for the performance of such duties by the whole council. The general rule is that a municipality which has been given the power to enact ordinances, has, as an incident thereto, and without any express authorization in the statute, the power to repeal such ordinances. In order to determine whether administration by the whole board or by a committee is best suited to the needs of a particular city, it may be desirable to give each of the plans a trial. The right of the council to make such determination is a continuing one and is not exhausted by being exercised once, or as often as the public interest may demand. *Welch* v. *Bowen* (1885), 103 Ind. 252, 2 N. E. 722.

What was accomplished by the four ordinances attacked here was merely to provide that the performance of the duties of the board of public works and public safety should be by the council as a whole instead of by a committee of the council. The desired result could have been accomplished by amending ordinances Nos. 845 and 846 to read as Nos. 972 and 973 now read, instead of repealing ordinances Nos. 845 and 864 by Nos. 970 and 971, and then enacting Nos. 972, and 973. But the appellees, stating the theory of their complaint and supporting the action of the trial court, contend that the action of the council in repealing ordinances 845 and 846 (by ordinances 970 and 971) and thereafter passing ordinances 972 and 973 was invalid for the following reason: That the power granted by §10264 Burns 1926 to abolish the board of works and the board of safety "was a special limited power to be exercised by the common council (or the electors) once for all," that when

the council in 1923 abolished such boards, "it exhausted its power on that subject," and "that it had no power, because none was expressly granted or implied, thereafter to repeal said ordinances and thereby re-establish said Boards and again by ordinances abolish them and take their powers into its hands." To support this theory, appellees cite *Jackson* v. *Sholmberg* (1892), 70 Miss. 47, 11 So. 721, and *Simpson* v. *State, ex rel.* (1912), 179 Ind. 196, 99 N. E. 980, where it was said: "It [the general rule that power to enact ordinances implies power also to repeal them] will not apply where the ordinance has been enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time fixed by the legislature and which excludes the implication that the common council was given any further authority over the subject than to do the one act." It is unnecessary, however, to determine in this case whether a common council, having passed ordinances which abolished the boards of works and public safety, can thereafter validly repeal such ordinances, because, regardless of how such question is decided, the result reached here will be the same. If the action of the council in passing ordinances 970 and 971 was effective to repeal completely ordinances 845 and 846, then there can be no objection to ordinances 972 and 973, and the appellant's demurrer should have been sustained. If the action of the council in passing ordinances 970 and 971 was not sufficient to repeal the portion of ordinances 845 and 846 which abolished the two boards, it still must be held to be sufficient to repeal the portion of such ordinances which placed the duties of said boards on the special committee of three members. In such case, the duties of said boards are by the statute placed on the common council as a whole, and the appellant's demurrer should have been sustained.

Appellees, in their brief, contend that: "A decision of this court, either affirming or reversing the judgment, can only affect it as to the parties appealing," ■ and that "the injunction will remain in force as to the common council, and the members who have not appealed." In this, they are in error. This appeal was perfected in term time and §706 Burns 1926 provides:

"Whenever a part of any number of co-parties against whom a judgment has been taken shall appeal from such judgment to the Supreme or Appellate Court under the provisions of §638 R. S. 1881 [§698 Burns 1926] providing for term-time appeals, it shall not be necessary to make such co-parties not appealing parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties."

The judgment is reversed, with directions to sustain appellant's demurrer to appellee's complaint.