IN RE ANNEXATION OF CERTAIN TERRITORY TO THE
CITY OF SALEM
MAHURON ET AL. *v*. CITY OF SALEM

[No. 17,997. Filed April 18, 1950.]

Draper, C. J., not participating.

*Evan A. McLinn,* of New Albany, for appellants.

*John B. Mitchell,* City Attorney of Salem, for appellee.

BOWEN, J.—This is an appeal from a judgment in a remonstrance action filed in the lower court against the annexation of certain territory to the City of Salem, Indiana. Issues were formed upon the appellants' remonstrance, based upon statutory grounds alleging that the remonstrators were more than 75% of the persons owning property in the territory sought to be annexed, and that the annexation ought not in justice take place, for the assigned reasons: That the prosperity of the territory would be materially retarded; that no advantages would accrue to the inhabitants of said territory by the annexation; and,

that the annexation would work a hardship on the owners of such territory sought to be annexed; and the answer of appellee City which admitted that said ordinance was passed, and denied every other material allegation in the remonstrance.

The cause was tried by the court without a jury, and the court heard evidence, took the matter under advisement, and found and adjudged that less than 75% of the persons owning property within the territory sought to be annexed to said City had remonstrated against such annexation; that the annexation of such territory would be for its interest and would cause no manifest injury to the persons owning property in the territory sought to be annexed; and that the prosperity of said City and territory will be materially retarded, and the safety of the inhabitants and the property thereof endangered without such annexation, and that said annexation should take place.

It was further adjudged and decreed that the territory described in ordinance No. 89 which was duly adopted by the Common Council and approved by the Mayor had been legally annexed to such City of Salem and is a part thereof.

The single error assigned for reversal is that the court erred in overruling appellants' motion for a new trial. The grounds of the motion for a new trial are that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law; and that the petitioners and remonstrators as party plaintiffs in the cause have, since the trial, discovered new, competent, and material evidence which could not be, with reasonable diligence, discovered and produced at the trial of said cause for the reason that said evidence did not exist at such time, and which could now be produced if a new trial of the cause were had. Such new evidence consisted of an ordinance

which sought to amend Ordinance No. 89 and which changed the description of the property sought to be annexed in the original Ordinance No. 89. The trial of the remonstrance to the original Ordinance No. 89 was begun April 7, 1948 and concluded on April 8, 1948, and the court took the same under advisement. Ordinance No. 102 which purported to amend Ordinance No. 89 was adopted on April 14, 1948. After the adoption of Ordinance No. 102 by the City, a remonstrance to the same was filed in the Washington Circuit Court and docketed by the Clerk as Cause No. 10736. Before any judgment was entered in Cause No. 10736, a purported order of consolidation of this cause with the instant Cause No. 10359 on October 12, 1948 was made by the regular judge of the Washington Circuit Court. Thereafter, on the 10th day of November, 1948, the special judge in the instant case refused to recognize this consolidation and made his finding and rendered judgment against appellants and for appellee.

During the trial of this cause in the court below, the City Attorney of the City of Salem, acting in his professional capacity in open court, made the following stipulation: "If the court please, the City of Salem acknowledges that this real estate owned by this gentleman should not be included in the incorporation." ('Gentleman' referred to a witness, Herbert F. Murray, one of the original remonstrators.) The City of Salem then offered and read in evidence for the court's consideration a substitute description designating less territory than described in Ordinance No. 89.

The appellant contends such stipulations and admissions on behalf of the City by the City Attorney, and the admission in evidence of the substituted description of territory sought to be annexed is of conclusive importance and determinative of the issues in this appeal adversely to appellee.

A municipal corporation can in no case annex territory without authority conferred by statute or constitutional provisions. The exercise of a grant of legislative power for the annexation of territory must be in strict accord with the statute conferring it. *Bradford* v. *City of Columbus* (1948), 118 Ind. App. 408, 78 N. E. 2d 457; 62 C. J. S. 126.

The stipulation by the City Attorney on behalf of the City could no more change the provisions of a duly adopted ordinance than could an Attorney General by stipulations on behalf of the State modify or vary the provisions of a statute duly enacted by the Legislature.

Also, the voluntary statement of the City Attorney on behalf of the City asking the court to consider a better description for an annexation which did not follow the description of the land in the original annexation ordinance did not vest in the court any power to order an annexation of land of a different description and such statement was properly disregarded by the court. Such statements and admissions on behalf of the City could only be considered as an ineffectual attempt to amend such annexation ordinance in the Circuit Court which could not be done, nor were such admissions determinative of the principal issue before the trial court.

An ordinance can only be amended by another ordinance enacted with the same formality as the original. *City of Litchfield* v. *Hart* (1940), 306 Ill. App. 621, 29 N. E. 2d 678; *Massy* v. *City Council of Des Moines* (1948), 239 Iowa 527, 31 N. W. 2d 875; 62 C. J. S. 832, Sec. 434.

By reason of the assignment of error herein and appellants' motion for a new trial, we must consider the effect of the adoption of Ordinance No. 102 by the

City of Salem, Indiana, upon Ordinance No. 89 which is the basis of the present appeal.

The general rule is that the power to pass ordinances or regulations by the legislative body of a municipal corporation carries with it by implication the power to modify or repeal such ordinances and regulations unless the power is restricted in the law conferring the right, and subject to the limitation that amendments may not be made so as to affect any vested right already lawfully acquired thereunder. *City of Michigan City* v. *Brossman* (1937), 105 Ind. App. 259, 11 N. E. 2d 538.

Section (1) of Ordinance No. 102 provided: "Ordinance No. 89 of the City of Salem, Indiana, is hereby now amended to read as follows:" and the body of such amendment changed the description of real estate to be annexed taking in some of the same, but not all of the territory that was covered by Ordinance No. 89.

In the instant case we have a situation where the City of Salem, while a cause is pending on a remonstrance to an annexation ordinance, and after trial thereon, but before final judgment, passes a later annexation ordinance containing an amended description. The statute in effect at the time of the annexation in question, Section 48-702, Burns' 1933 (1949 Supp.), contained a provision that, pending an appeal, and during the time such appeal may be taken, such territory sought to be annexed shall not be deemed a part of the annexing city.

In legal contemplation Ordinance No. 89 as amended by Ordinance No. 102 was the proper subject for remonstrance and appeal by persons affected thereby, and any judgment with respect to territory not covered by the provisions of such Ordinance No. 89, as amended by Ordinance No. 102, was not proper and contrary to law.

The finding and decision of the court below that the territory described in Ordinance No. 89 had been legally annexed to said City is contrary to law. Judgment is reversed with instructions to sustain appellants' motion for a new trial.

Draper, C. J., not participating.

NOTE.—Reported in 91 N. E. 2d 648.