VESENMEIR ET AL. v. CITY OF AURORA, ETC.

[No. 29,091. Filed December 1, 1953.]

*Paul V. Wycoff*, of Batesville, *McManaman & McManaman*, of Lawrenceburg, and *L. E. Davies*, of Aurora, for appellants.

*Hartell F. Denmure*, of Aurora, for appellee.

DRAPER, C. J.—This is an appeal from a judgment dismissing a remonstrance filed in the lower court against the annexation of certain territory to the city of Aurora, Indiana, and taxing costs against the remonstrators.

On June 16, 1952, the Common Council of the city of Aurora adopted ordinance No. 363 redefining the corporate boundaries of the city of Aurora, thereby including certain territory sought to be annexed. See Burns' 1950 Repl., §48-701.

On October 6, 1952, ordinance No. 375 was passed by the City Council reducing the territory sought to be annexed and repealing ordinance No. 363.

On October 20, 1952, ordinance No. 377 was passed. It was the same as 375 except that it corrected the

description of the boundary line as set out in 375 and it specifically repealed both 363 and 375.

On July 25, 1952, the appellants filed timely remonstrance to 363 pursuant to the provisions of Burns' 1950 Repl., §48-702. Remonstrances were also filed to 375 and 377. So far as we are advised those remonstrances are still pending in the court below. The judgment appealed from was rendered in the matter of the remonstrance filed to 363. By way of answer to that remonstrance, the appellee city alleged the passage and publication of 375 and 377; alleged that because of their passage the issues presented by the remonstrance to 363 had become moot and prayed that said remonstrance be dismissed.

The case was heard on the pleadings and a stipulation of facts, and the court found and adjudged that the real controversy had been removed by the repeal of ordinance No. 363; that there was no matter before the court upon which the remonstrance could be considered; and that said remonstrance should abate and be dismissed. The appellants' motion to modify the judgment and their motion for new trial were each overruled, and this appeal was perfected.

The appellants take the position that: (1) a city has no power at any time to amend or repeal an annexation ordinance which would have the effect of reducing the amount of territory from that originally defined, and (2) even if the city had such power, it would be suspended pending appeal to the circuit court.

Burns' 1950 Repl., §48-702, provides that during the time that an appeal may be taken to the circuit court, and pending such appeal, the territory sought to be annexed shall not be deemed a part of the annexing city. The territory involved has, therefore, never become a part of the city of Aurora, and so the question before us concerns annexation only

and no question involving the right of the city to disannex territory by way of an ordinance is involved in this case.

It is true that doubtful claims to power, as well as any uncertainty or ambiguity in the terms used by the legislature are resolved against the corporation. *Pittsburgh, etc. R. W. Co.* v. *The Town of Crown Point* (1896), 146 Ind. 421, 45 N. E. 587; *Pittsburgh, etc. R. Co.* v. *City of Anderson* (1911), 176 Ind. 16, 95 N. E. 363. It is further true that a legislative scheme has been provided for the disannexation of territory which has already become a part of a municipal corporation. But we can find in that fact no evidence of a legislative intent to forbid the repeal or modification of an annexation ordinance which has not yet become effective and under which the status of the territory involved has remained unchanged.

As a general rule a municipality which has been given the power to enact ordinances has, as a necessary incident thereto and without any express authorization in the statute, the power to modify or repeal such ordinances unless the power so to do is restricted in the law conferring it. The power is subject to the limitation that the repeal or change cannot be made so as to affect any vested rights lawfully acquired under the ordinance sought to be modified or repealed. *Welch et al.* v. *Bowen* (1885), 103 Ind. 252, 2 N. E. 722; *Lowe* v. *McKnight* (1931), 202 Ind. 565, 174 N. E. 424; *Terre Haute and Logansport Railroad Co.* v. *City of South Bend* (1896), 146 Ind. 239, 45 N. E. 324; *City of Michigan City* v. *Brossman* (1938), 105 Ind. App. 259, 11 N. E. 2d 538; *Mahuron* v. *City of Salem* (1950), 120 Ind. App. 247, 91 N. E. 2d 648; 37 Am. Jur., Municipal Corporations, §197, p. 834; 62 C. J. S., Municipal Corporations, §435 b, p. 835. The rule does not apply where the ordinance has been en-

acted under a narrow, limited grant of authority to do a particular designated thing in the manner and at the time fixed by the legislature, and which excludes the implication that the council was given any further authority over the subject than to do the one act. *Simpson* v. *State ex rel.* (1913), 179 Ind. 196, 99 N. E. 980; 62 C. J. S., Municipal Corporations, §435 b, p. 835.

We find no restriction of the power to modify or repeal ordinance 363 in the law conferring the authority to pass it, and there is no serious contention ■ that repeal would affect any vested rights lawfully acquired thereunder. Furthermore, it is apparent on the face of §48-701 that the authority of the council to pass ordinances thereunder does not come within the limitation pointed out in *Simpson* v. *State, ex rel., supra.* It would, therefore, seem, for aught yet appearing, that the Common Council had full authority to repeal 363.

It is asserted, however, that the filing of the remonstrance in the circuit court effectively and completely transferred jurisdiction to the circuit court where it must remain exclusively until that court has rendered a final judgment on the question of annexation, or in other words, that pending the decision of the circuit court, the city was without power to pass further ordinances which could be effective to repeal the first, and here the appellants rely on *Taylor et al.* v. *The City of Fort Wayne et al.* (1874), 47 Ind. 274.

The case at bar is entirely unlike the case relied upon. In that case a proceeding had been instituted before the board of county commissioners which had for its purpose the incorporation of a town. The city of Fort Wayne appeared and became a party to the proceedings. During the pendency of the proceedings

before the board of county commissioners the common council passed a resolution annexing a large part of the same territory to the city of Fort Wayne. Relying upon the rule that when there are two tribunals possessing concurrent and complete jurisdiction of a subject matter the jurisdiction becomes exclusive in the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject matter, it was held that the jurisdiction of the county commissioners could not be ousted by the adverse action of the city council.

In that case, unlike this one, two authorities were claiming the right to occupy the same space at the same time. In this case there was no concurrent jurisdiction in the court and the council. A proceeding looking to the annexation of property could not be instituted before the court. It could only be instituted by the common council. The court had only the jurisdiction conferred by statute which was in the nature of an appellate jurisdiction which it could assume and exercise only within the provision of the statute. We find nothing in *Taylor et al.* v. *The City of Fort Wayne et al., supra,* nor in *City of Hobart* v. *State, ex rel.* (1926), 198 Ind. 574, 154 N. E. 384, upon which appellants also rely, which supports the proposition asserted.

Relying on Burns' 1946 Repl., §2-901, and the cases of *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181, and *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895, the appellants insist the court erred in entering a judgment that the remonstrance should be dismissed, it being their position that instead a final judgment should have been entered to the effect that the proposed annexation under 363 should not take place. The appellants regard the form of the

judgment as important in the light of that portion of §48-702 which provides that: "In case the decision is adverse to such annexation, no further annexation proceedings for such territory shall be lawful for two (2) years after the rendition of such judgment."

Sec. 2-901, *supra,* enumerates the circumstances under which a civil action may be dismissed without prejudice. The Plantz case was an action brought by the plaintiff to enjoin the performance of a contract. The Davis case was an original action involving a petition filed by the relator to be declared an heir and devisee of a deceased person.

Sec. 2-901, *supra,* is §433 of the Civil Code (Acts 1881, ch. 38). The case at bar is a special proceeding to which the rule of the code of civil procedure ■ does not apply in the particular under consideration. This is not a matter wherein the appellants asserted a cause of action which they were undertaking to pursue. The remonstrance here asserts a defense—not a cause of action. This proceeding is in the nature of an appeal and is so designated by §48-702 *supra.* The effect of the judgment below was to dismiss the appeal before final judgment had been rendered. *Isley* v. *City of Attica* (1915), 59 Ind. App. 694, 109 N. E. 918.

As above stated, the judgment in this case amounted to a dismissal of appellants' appeal to the circuit court. Where the real controversy involved in an appeal ■ has been removed by the repeal of an ordinance or statute, and the question has, therefore, become moot the appeal will be dismissed. *Riley* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843; *Bullock* v. *Jameson* (1915), 183 Ind. 81, 108 N. E. 231; *Keller, Mayor,* v. *Rewers* (1921), 189 Ind. 339, 127 N. E. 149; *City of Bloomington* v. *Board of Com'rs.* (1951), 229 Ind. 419, 99 N. E. 2d 79; and see *Mahuron* v. *City of Salem, supra.*

The effect of sustaining appellants' contention would be that if the Common Council made a mistake in the description of the property sought to be annexed or made a mistake of judgment, it could not itself correct its mistake by repealing the ordinance even though the ordinance had not yet become operative, but it must persevere in its error for the sole purpose of affording the court an opportunity to put an end to a proceeding which had already been abandoned. The law does not require such an empty ritual.

Our conclusion in this case is supported by both reason and authority. In *City of Louisville* v. *Town of Crescent Hill* (1899), Court of Appeals of Kentucky, 52 S. W. 1054, the same question was presented under similar statutory provisions. The city of Louisville passed an ordinance describing property sought to be annexed. The appellee brought an action to prevent said annexation. Before the day set for trial of the case the city passed another ordinance repealing the first. The court said:

> "When the petition was filed by the persons affected, resisting annexation, the city was not required to continue the litigation, if not deemed to its interest. The repeal of the ordinance proposing the annexation left no proposition of annexation in force for the court to pass on. After the original ordinance had been repealed the court could not have given judgment for the annexation of the territory. The jurisdiction of the court depended upon there being a proposition to annex the territory, and, when its annexation was not proposed, there was nothing for the court to try. The motion of the city to dismiss the case at its cost should have been sustained."

See also *Mitrus* v. *Nichols* (1939), 13 N. Y. S. 2d 990, 171 Misc. 869; *Gormley* v. *Day* (1885), 114 Ill. 185, 28 N. E. 693.

Judgment affirmed.

Gilkison, J., not participating.

Emmert, J., dissents.

DISSENTING OPINION

EMMERT, J.—In view of the statutory provisions concerning the annexation and disannexation of territory to cities, I do not believe this court is warranted in holding that the City of Aurora had implied authority to repeal an ordinance of annexation when the matter was pending on appeal in the circuit court.

In *City of Peru* v. *Bearss* (1877), 55 Ind. 576, 581, 582, this court correctly held, "the entire proceedings for the annexation of contiguous territory to incorporated cities are statutory proceedings; and to make them operative and give them validity, it is essentially necessary that all the proceedings should be in strict conformity with the provisions and requirements of the statute."[1] See also *Windman* v. *City of Vincennes* (1877), 58 Ind. 480, 484. In annexation proceedings the method provided by the statutes shall be followed and no other. *City of Delphi* v. *Startzman* (1885), 104 Ind. 343, 346, 3 N. E. 937. "The rule is that where the legislature creates a right and prescribes a remedy,

---

1. "In 43 C. J. 112, §66, it is stated: 'A board or body other than the legislature may exercise powers with respect to the annexation of territory *only when such powers are vested in it by the legislature, and then only to the extent of the powers expressly granted by the legislature;* a municipality or its corporate authorities can in no case annex territory without authority conferred by statute or constitutional provision.' (Our emphasis.)

"In 27 Am. Jur. 640, §24, the rule is stated as follows: 'A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature, and when so conferred *must be exercised in strict accord with the statute conferring it.*' (Our emphasis.)" *Bradford* v. *City of Columbus* (1948), 118 Ind. App. 408, 412, 78 N. E. 2d 457.

or method whereby the right may be enforced, the statutory remedy is exclusive. *Victory* v. *Fitzpatrick* (1856), 8 Ind. 281; *McCormack* v. *Terre Haute, etc., R. Co.* (1857), 9 Ind. 284; *Board, etc.* v. *Murphy* (1885), 100 Ind. 570; *Ryan* v. *Ray* (1886), 105 Ind. 101, 4 N. E. 214; *New York, etc., R. Co.* v. *Zumbaugh* (1894), 12 Ind. App. 272, 39 N. E. 1058; *Boyd, Admr.,* v. *Brazil, etc., Co.* (1898), 25 Ind. App. 157, 57 N. E. 732; *Wehmeier* v. *Mercantile, etc., Co.* (1912), 49 Ind. App. 454, 97 N. E. 558; *Carlisle* v. *Missouri Pac. R. Co.* (1902), 168 Mo. 652, 68 S. W. 898; *Snyder* v. *Marks* (1883), 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901." *Board, etc.* v. *Adler* (1922), 77 Ind. App. 296, 300, 301. This rule was reaffirmed in *Bd. of Commrs.* v. *Millikan* (1934), 207 Ind. 142, 149, 190 N. E. 185.

"It is also fundamental that when one seeks the benefit of a statute, or seeks to enforce a statutory right, or liability, he must, by allegation *and proof,* bring himself clearly within its provisions. *Woodward* v. *State* (1910), 174 Ind. 743. *Indianapolis etc. Transit Co.* v. *Foreman* (1904), 162 Ind. 85." *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 564, 565, 24 N. E. 2d 776.

In determining the legislative intent of a statute, the courts will look to other statutes on the same subject matter and to the evils and the mischiefs to be remedied. *Dreves, Inc.* v. *Oslo School Twp. of Elkhart* (1940), 217 Ind. 388, 395, 28 N. E. 2d 252; *Bd. of Commrs.* v. *Millikan* (1934), 207 Ind. 142, 152, 190 N. E. 185, *supra; Chicago & Calumet District Transit Co., Inc.* v. *Mueller* (1938), 213 Ind. 530, 12 N. E. 2d 247.

Section 48-702, Burns' 1950 Replacement, which is amended §243, of the municipal corporations Act of 1905, (Acts 1905, ch. 129, §243, pp. 388, 389; 1935, ch. 153, §1, p. 550; 1949, ch. 216, §2, p. 701), should be

construed according to these well settled rules. The material parts of this act provide:

"Whenever such territory is annexed to such city as provided in the foregoing sections, whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by one [1] or more persons deeming himself or themselves aggrieved or injuriously affected, filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated within thirty [30] days after the last publication provided for in the preceding section; such *written remonstrance or complaint* shall state the reason why *such annexation* ought not in justice take place. . . . *The court shall thereupon proceed to hear and determine such appeal* without the intervention of a jury, and *shall give judgment upon the question of such annexation* according to the evidence which either party may introduce relevant to the issue. . . . Pending such appeal, and during the time within which such appeal may be taken, such territory sought to be annexed shall not be deemed a part of the annexing city. Upon the determination of such appeal, the judgment shall particularly describe the ordinance upon which the appeal is based, and it shall be the duty of the county clerk to forthwith deliver a certified copy of such judgment to the clerk of such city, who shall record the same in the ordinance record, and make a cross-reference to the page thereof upon the margin where such original ordinance was recorded. *In case the decision is adverse to such annexation, no further annexation proceedings for such territory shall be lawful for two [2] years after the rendition of such judgment: . . .*" (Italics supplied.)

Section 245 of the municipal corporations Act of 1905, (Ch. 129, 1905 Acts) provided:

"The common council shall have power by ordinance to disannex and throw out any territory forming a part of the corporate limits of such city

upon a petition of a majority of the owners of real estate therein, . . ."

This section was superseded by §48-907, Burns' 1950 Replacement (Acts 1907, ch. 279, §7, p. 617), which was more specific as to the procedure for disannexation. The next section of the 1907 Act, §48-908, Burns' 1950 Replacement (Acts 1907, ch. 279, §8, p. 617), provided that:

> "No proceedings for disannexation or vacation shall be brought under this act, after the termination of a prior proceeding hereunder, affecting the same property, in which the same relief has been asked, until after the lapse of two [2] years from the termination of the prior proceedings."

It is quite evident that the General Assembly regarded instability of the jurisdiction by local government over territory in and near cities as a mischief to be avoided, and sought to provide a two year period when the status of such lands would not be disturbed. This was for the benefit of the political subdivisions, as well as the property owners. Both annexation and disannexation proceedings were limited to two-year periods, but the effect of the majority opinion is to thwart this definite legislative policy.

In *Pittsburgh, etc., R. Co.* v. *City of Anderson* (1911), 176 Ind. 16, 18, 95 N. E. 363, this court held that lands could only be disannexed in strict compliance with the statute, and said:

> "In this State, municipal corporations possess and can exercise only such powers as are granted by the legislature in express words, and such powers as are fairly implied or incident to the powers expressly granted, and those essential to the declared objects and purposes of such corporations. *Doubtful claims to power as well as any doubt or ambiguity in the terms used by the legislature, are resolved against the corporation. Pitts-*

*burgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 422, 35 L. R. A. 684, and authorities cited.

"The municipal authorities can in no case alter the boundaries unless the power so to do is conferred upon them by the legislature, and such power, when conferred, must be exercised under the circumstances and in the manner prescribed. 20 Am. and Eng. Ency. Law (2d ed.) 1151; 28 Cyc. 194-200." (Italics supplied.)

The City of Aurora relies upon the decision in *Mahuron* v. *City of Salem* (1950), 120 Ind. App. 247, 91 N. E. 2d 648, to sustain the action of the trial court in dismissing the appeal as moot. The exact state of the record in the Mahuron case, *supra,* is none too clear. Apparently what the court decided was that a finding was contrary to law which included therein territory not embraced in an annexing ordinance, as amended by another ordinance passed when the appeal was pending. The reasoning of the court on the power of cities to enact and repeal ordinances was correct as far as it went, but the important exception was omitted, and it is the exception which should govern this appeal at bar.

In *Simpson* v. *State, ex rel.* (1912), 179 Ind. 196, 201, 202, 99 N. E. 980, this court recognized the general implied right to repeal, but said:

"But like most general rules there are exceptions to it. It applies ordinarily, of course, to all ordinances which have been passed pursuant to a general grant of discretionary or regulatory authority over the subject of the grant. *It will not apply where the ordinance has been enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time fixed by the legislature, and which excluded the implication that the common council was given any further authority over the subject than to do the one act.*" (Italics supplied.)

The General Assembly was very specific in providing the procedure for annexation and disannexation. The statutes at no place granted the city the right to repeal the ordinance when the appeal was pending. Section 48-702, Burns' 1950 Replacement, requires the trial court to enter a judgment on the merits of the appeal. If the City of Aurora can repeal this annexation ordinance after the trial court acquired jurisdiction, and thus make the appeal moot, it can enact another ordinance to annex this territory, and before another appeal is ready for trial, repeal it, and so repeat the process *ad infinitum* until the annexation is accomplished through the exhaustion of the time and money of the property owners of the territory involved. The legislature never intended such instability in the status of lands in or near cities. The judgment should be reversed.

NOTE.—Reported in 115 N. E. 2d 734.