EAST LAKE LOT OWNERS ASSOCIATION, INC. *v.* TOWN OF PRINCE'S LAKES, INDIANA.

[No. 30,509. Filed April 12, 1965.]

*John H. Baldwin,* of Indianapolis, *Ivan D. Pogue,* of Franklin, and *Charles H. Foley,* of Martinsville, of counsel, for appellant.

*James K. Griggs, Robert W. Young,* and *John A. Pusher* and *LaGrange & Fredbeck,* of counsel, of Franklin, for appellees.

ACHOR, J.—Appellants have filed a "Petition to Reconsider" the court's action in dismissing the case as moot because of the repeal of the ordinance on which the litigation was based. The substance of the petition

appears to be that many persons have been arrested under the town ordinance for operating boats in excess of the speed fixed by the ordinance and proceedings on arrests made pursuant to the now repealed ordinance have been held in abeyance, pending the determination of the appeal here involved.

Appellants contend that dismissal of the case as moot leaves such arrested parties at a disadvantage and threatens to leave the lower court decision on which the appeal was based as res adjudicata, as to some issues.

However, the arrested parties will not be "inconvenienced" or at a "disadvantage" by the dismissal. At common law, the repeal of a criminal law without a saving clause terminated prosecutions for violations of the law prior to repeal. 8 I. L. E., Criminal Law §5, p. 72. Indiana has enacted a general saving clause applied to its criminal statutes, Burns' Ind. Stat. Anno. §1-307 (1946 Repl.). However, the statute makes no reference to city ordinances.[1] It appears necessary then to enact a saving clause in each repeal of an ordinance to preserve proceedings dependent on the repealed ordinance. See: *Terre Haute & Logansport Railroad Co.* v. *City of South Bend* (1896), 146 Ind. 239, 242-243, 45 N. E. 324 (decided after enactment of §1-307, *supra*) ; 20 I. L. E., Municipal Corporations §60, p. 388. In the South Bend case, *supra*, this court stated:

" . . . 'If, during the progress of a prosecution, the ordinance on which it is based is repealed, the prosecution must fail, unless the repealing ordinance contains some express provisions whereby

---

1. " . . . [T]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." §1-307, Burns' Ind. Stat. Anno. (1946 Repl.)

all pending prosecutions are saved from its operation.'"

The repealing ordinance here involved contains no saving clause. Aside from formal parts it provides as follows:

"Section 1. Ordinance No. 7 which includes Sections 1, 2, 3, 4, and 5 is hereby repealed in its entirety. This ordinance shall be in full force and effect after its passage as provided by law."

Consequently, the proceedings referred to by appellants would be terminated by the repealing ordinance.

Appellant's fears of the lower court judgment becoming res adjudicata are not well founded since that judgment depended on an ordinance. The ordinance having been repealed, there is, therefore, no basis for the lower court judgment and it is no longer of any effect.

Further, it is asserted that the ordinance here in question was unconstitutional for the reason that the appellee was, by statute, denied authority to adopt such an ordinance, and that the case should be decided on that basis. However, as to this issue, denial of rehearing in this case is made appropriate by the well-settled principle that this court will always avoid deciding constitutional questions when the case under consideration can be concluded upon other grounds. *St., Gross Inc. Tax Div. et al.* v. *Pearson Constr. Co.* (1957), 236 Ind. 602, 141 N. E. 2d 448; *Greene, Mayor* v. *Holmes* (1929), 201 Ind. 123, 166 N. E. 281; *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420, 164 N. E. 93.

The petition is, therefore, denied.

Arterburn, C. J. and Landis, J., concur.

Jackson, J., dissents, with opinion.

Myers, J., concurs in the dissent.

DISSENT

JACKSON, J.—Appellant has filed a petition to reconsider the action of the Court in dismissing the case at bar as moot because of the repeal of the ordinance on which the litigation was based.

In my opinion the petition to reconsider should be granted for the reason that the passage of Ordinance No. 7 of the Town of Prince's Lake, Indiana, was invalid and unenforceable ab initio.

Regulation of watercraft operating on the waters of the State of Indiana has been pre-empted by the action of the Legislature in enacting Acts 1957, ch. 221, §§68-813—68-869, Burns' 1961 Replacement, commonly known as "Indiana Boating Laws." The passage of the above designated legislation clearly indicated the purpose and intent of the Legislature to adopt uniform regulations relative to the use and enjoyment of waters within the State. Such legislative regulation by the State prevents the enactment of a hodge-podge of unworkable, discriminatory and conflicting regulations by local municipalities.

Towns by statute possess only those powers expressly granted to them by the legislature. Since Acts 1957, ch. 258, §1, p. 588, §48-301, Burns' 1963 Replacement enumerating the powers of the Board of Town Trustees, does not encompass the area of watercraft operation or regulation, and since enforcement of Ordinance No. 7 of the Town of Prince's Lake impinges on the pre-empted area, such ordinance was and is void ab initio, and consequently was and is of no effect.

The petition to reconsider should be granted, the motion to dismiss for the reason that the subject matter of the cause of action herein is moot, should be set aside, reversed and the cause remanded to the trial

court with instructions to enter judgment in favor of appellant at the cost of appellee.

Myers, J., concurs.

NOTE.—Reported in 205 N. E. 2d 821.