**CROWN INTERNATIONAL, BOCK INDUSTRIES, INC., et al., Plaintiffs-Appellants,**

v.

**CITY OF ELKHART, Defendant-Appellee.**

**No. 3–1181A294.**

Court of Appeals of Indiana, Third District.

May 6, 1982.

Lee F. Mellinger, Mellinger & Bowers, Elkhart, for plaintiffs-appellants.

William J. Nye, David T. Stutsman, Stutsman & Stevens, Elkhart, for defendant-appellee.

GARRARD, Judge.

This is an appeal from the dismissal of an annexation proceeding pursuant to Indiana Rules of Procedure, Trial Rule 41(E).

In 1974 the City of Elkhart enacted an ordinance to annex the territory involved in this appeal. A remonstrance was filed and was promptly determined to be adequate as to the required number of property owners. The original trial setting was continued and, despite periodic settings, the case languished. Finally, in January 1981, the court ordered the parties to appear and show cause why the case should not be dismissed for lack of prosecution. Subsequently, on April 27, 1981 the court dismissed the action with prejudice for plaintiff's failure to prosecute.

We conclude the court committed error because of the nature of the remonstrance proceeding under our statutes.

Trial Rule 41(E) provides in pertinent part:

"Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing . . . ."

We note, of course, that the annexation statutes provide for issuance of summons to the municipality in a remonstrance proceeding, denominating it the defendant and requiring it to appear and answer as in other cases. IC 18–5–10–24, recodified as IC 36–4–3–11. Furthermore, TR 1 of the Indiana Rules of Civil Procedure provides that:

"Except as otherwise provided, these rules govern the procedure . . . in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action."

Accordingly, the city urges that the rules are fully applicable, including TR 41(E), that no action had been taken in the cause for eighteen months, and dismissal against the "plaintiffs" remonstrators was proper.

Despite the provision for summons and answer the dispositional provisions of the statute proceed in a different manner from the normal civil proceeding.

IC 18–5–10–24 further provides that when the remonstrance is determined to be sufficient the court sua sponte shall set a hearing date which shall be not more than sixty (60) days thereafter.

IC 18–5–10–25 [1] states that upon hearing the court shall "give judgment upon the question of annexation according to the evidence which either party may introduce." The statute then enumerates several factors and provides that if they are established the ordinance shall be sustained, but if they are not established the remonstrance shall be sustained.[2]

This form of procedure led our Supreme Court in *Vesenmeier v. City of Aurora* (1953), 232 Ind. 628, 635, 115 N.E.2d 734, 738 to conclude:

but all versions have followed the process that a failure of proof inures to the benefit of the remonstrators. *See, e.g.,* Burns § 48–702, IC 36–4–3–11.

---

1. Recodified as IC 36–4–3–13.

2. Various amendments over the years have modified or restated the specific requirements,

"The remonstrance here asserts a defense—not a cause of action. This proceeding is in the nature of an appeal and is so designated by § 48–702, *supra*. The effect of the judgment below was to dismiss the appeal before final judgment had been rendered."

The court then held that such a dismissal could be had on account of mootness due to repeal of the challenged annexation statute.

Referring to this analysis the court later concluded in *City of Indianapolis v. Wynn* (1959), 239 Ind. 567, 157 N.E.2d 828, *reh. denied*, 239 Ind. 582, 159 N.E.2d 572, that the result of filing a remonstrance which is sufficient as to the required number of property owners is that (1) it abates culmination of the annexation pending review, and (2) it places upon the municipality the burden of sustaining the annexation.

Turning to TR 41(E) we note that the comments of the Civil Code Study Commission[3] indicate this section was intended to incorporate the main features of former Indiana Supreme Court Rule 1–4(C) governing dismissal for failure to prosecute and the provision of F.R.C.P. 41 allowing dismissal for violation of the rules.

The rule coordinates with TR 55, which permits a party against whom a judgment for affirmative relief is sought to be defaulted for failing to plead or otherwise comply with the rules. The section clearly appears to address the plaintiff and the entire rule generally is directed at the plaintiff or party with the burden of proof. *Compare* TR 41(A) and (B). Its underlying purpose is to assist courts in the efficient control of their dockets and require parties seeking relief to proceed with diligence or suffer the loss of their opportunity.

It is true that the rules of civil procedure are no longer generally inapplicable to statutory proceedings, as the court held the old civil code to be in *Vesenmeier*. Yet the statutory allocation of the burden of proof and the analysis of *Vesenmeier* and *Wynn* remain the same.

A dismissal under TR 41(E) in an annexation remonstrance has precisely the opposite effect of that generally intended by the framers of the provision. Although nominally plaintiffs, the remonstrators have nothing especially to gain by bringing the case to hearing since the pendency of the remonstrance abates fruition of the annexation. *Wynn, supra*. On the other hand, such a dismissal relieves the municipality of its burden of proof and thereby rewards it for its own lack of diligence in bringing the case to trial. Such a result is not "just" within the meaning of TR 1.

In addition the result cannot be rationalized as a matter of necessary docket control by the trial judge. The annexation statute imposed upon the court the obligation and authority to order the case to trial. It could have done so rather than issue the rule to show cause.

We therefore conclude that a remonstrance in an annexation proceeding remains in the nature of a defense that puts the municipality to its proof as the *Vesenmeier* court decided, and that as such the action is not properly subject to dismissal pursuant to TR 41(E) for lack of prosecution.

The judgment of dismissal is therefore reversed and the case remanded.

HOFFMAN, P. J., and STATON, J., concur.

---

**3.** *See* 3 Harvey, *Indiana Practice: Rules of Procedure Annotated*, 214.